[No. 3400.   Feb. 6, 1930.]

STATE v. TRUJILLO

[284 Pac. 1018.]

H. B. Hamilton, of El Paso, Tex., for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

WATSON, J.   Appellant stands convicted of murder in the second degree for killing Tiburcio Dominguez.

On December 23, 1929, we affirmed the judgment. We now adhere to that disposition of the appeal, but withdraw the original opinion, deeming it best to place the decision on different grounds.

The material facts, as appellant presents them, are as follows: Some days before the homicide the deceased and his wife had separated, and she was living apart from him in a house which she had leased. Here the homicide occurred. Here appellant spent a part of the night. During the time the deceased had come to the house demanding admission, had been ordered by his wife to leave, and had apparently done so. Appellant was leaving the house at an early hour in the morning, when the deceased, lurking behind a corner of the house, fired two shots at him. Thereupon appellant fired the fatal shot. He sought to justify upon the ground of self defense.

Appellant complains of the refusal of several requested instructions relating to self defense. He does not contend that the instructions given on that subject were erroneous; but urges that they fail to apply the principles of law to the particular case, and fail to submit appellant's theory of the case. The particular theory which appellant included in his requested instructions, and contends should have been brought to the attention of the jury, is that the deceased under the circumstances was a trespasser upon his wife's premises.

Suppose the deceased to have been a trespasser. What would have been its effect? Appellant did not seek to justify on the ground of a resistance to trespass. If the jury, in its consideration of the facts under the instruction of the court, had determined the deceased to have been a trespasser, it would not have constituted a defense, nor have settled any issue. The court did not refuse to submit a theory of the case. He merely declined to comment upon a fact, important only as bearing upon the question of aggression. We find no error here.

When appellant's case was called for trial he interposed objection to going to trial "for the reason that there

is not in attendance upon said court a regular petit jury panel composed of twenty-four qualified jurors as is required by law." He contends that the court erred in overruling the objection.

It seems that at the trial of the case preceding this the regular panel had been exhausted without completing a trial jury. According to the record the court drew 15 names from the jury box "to be and appear before the District Court * * * then and there to serve as petit jurors and talesmen, respectively." The form of the venire is not shown. Thirteen were served, appeared, and were duly sworn "as petit jurors during the present term of this court." Three of them proving sufficient, the other 10 were discharged. Before appellant's case came on one of the jurors on the original term panel was excused by the court as well as two of those newly sworn, leaving one of the three to serve as a member of the regular panel. Appellant contends that this juror could only have been drawn and impaneled as a special talesman; that upon the termination of the case for which he was drawn he should have been discharged; and that the service disqualified him from further service for 12 months. Laws 1917, c. 93, § 19. Thus considering, he contends that there were but 23 duly qualified jurors in attendance, whereas the statute requires 24. Id., § 16.

The court evidently considered the three jurors retained under the special venire as being upon the same basis as those originally drawn and impaneled. Under our statute we see no objection to that view. Whatever occasions the need for additional jurors, whether it be a quashing of the original panel, a vacancy therein, or the exhaustion thereof without completing a trial jury, the method of selecting the additional jurors is the same. Laws 1917, c. 93, § 13. To make distinctions among jurors all drawn in the same manner and sworn to serve during the term would but hamper the judge in dispatching business and preserve a technicality as a recourse on appeal. We think that the course pursued was within the reasonable meaning of the statute and violative of no right of appellant.

Another error is presented; but, if it can be said to have been argued, it is obviously without merit.

The judgment must be affirmed, and it is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

PARKER and CATRON, JJ., did not participate.