[No. 3557.   Oct. 7, 1930.]

STATE v. MARTINEZ.

[292 Pac. 609.]

O. O. Askren and D. A. Calderon, both of Roswell, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

WATSON, J.

This appeal is from a conviction of murder in the second degree.

Appellant complains first and principally of error in the selection of the jury. The regular venire was exhausted. Eleven persons appeared in response to a special venire. The court ordered their names placed in the jury box and that the impaneling of the trial jury proceed as if the special veniremen were regular jurors. Appellant objected, contending, as he here contends, that the statute requires that they be called into the jury box in the order in which their names appear on the venire.

The procedure followed received the sanction of this court in Territory v. Prather, 18 N. M. 195, 135. P. 83, 85. The procedure insisted upon by appellant was disapproved in that case and caused a reversal. It is urged by appellant, however, that the jury law of 1917 (1929 Comp. c. 78, art. 1 [section 78—101 et seq.]) exactly reversed the requirement.

As producing this result appellant points to 1929 Comp. § 78—115, reading as follows:

"When a sufficient number of the talesmen upon any special venire have responded and appear for service as jurors, the court may proceed with the empaneling of the jury without waiting until all the talesmen summoned have responded, and in calling the names of those present the court shall call the names of the persons· present in the order in which they appear upon the venire."

We see no good reason to interpret this section differently than the previous provision was interpreted in the Prather Case. We there said:

" 'The jurors so summoned must be called from the list' refers simply to the preliminary examination of the proposed jurors as

to their general qualification, and the making up by the clerk of the list of names which he places in the box, upon separate slips of paper."

The jury is still to consist "of twelve men, chosen by lot." 1929 Comp. § 78—307. It is still hard to believe "that the legislature intended to adopt one method for calling the names on the regular panel, and another distinct and different method for those on the special venire." Such a distinction, as we remarked in State v. Trujillo, 34 N. M. 530, 284 P. 1018, 1019, "would but hamper the judge in dispatching business and preserve a technicality as a recourse on appeal." It is still considered a fundamental purpose of the jury law "to secure for the trial of a cause, fair and impartial jurors" and to "remove" the "temptation to tamper with jurors" and the "power to place any particular juror·in the box." The reforms introduced when the law was rewritten, including the abolishing of open venires, tend to promote the principle of chance in the selection of jurors. The interpretation insisted upon by appellant is out of line with this principle. We seek one consistent with it.

It has been argued that the language of 1929 Comp. § 78—115, "the court shall call the names of the persons present in the order in which they appear upon the venire," was suggested by the expression of the trial judge in the Prather Case in overruling the contention of the defendant. Appellant quotes it thus:

"Objection overruled. The names of special veniremen are drawn in the order in which they appear on the special venire."

So, he argues, there is manifest a legislative intent to adopt the view of the trial judge and repudiate that of the Supreme Court. This is speculation, at best. But as consistent with it appellant points out that the making up of special venires by drawing names from the box injects an element of chance not present when open venires were employed, and removes some of the objectionable "temptations" and "power." He also points out that in 1929 Comp. § 78—131, which directs the "manner of empaneling petit jurors for trial of cause," it is provided that "the names of the jurors constituting the *regular* petit jury panel shall be drawn by lot," thus opening the way for the empaneling of special veniremen in a different manner.

If thought worth while to trace the origin of the language, it might perhaps be found in 1929 Comp. § 78—113, as to "drawing regular venires." It is there provided:

"* * * If a number more than sufficient for the organization of the respective juries shall be summoned by the sheriff, the juries shall be made up of the qualified persons present, in the order in which their names are drawn from the jury box and appear upon the venires."

The provision just quoted is manifestly designed to preserve the principle of chance in selection when there is a choice to be made. We think the same purpose appears in section 78—115. Appellant overlooks that the necessity to complete a particular trial panel is not the only occasion for "drawing special venires." The occasion may arise "to form a new panel or to fill * * * vacancies or to complete * * * panels, * * *" as well as the occasion "to complete * * * [a particular] * * * jury." 1929 Comp. § 78—114. Section 78—115 contemplates that on such occasions chance shall prevail in selecting special veniremen for service, just as it is to prevail in the selection of the regular panel. Such we think is the purpose of the provision; not as appellant contends, to direct a method of inducting a special venireman into the trial jury, different from that of introducing a member of the regular panel.

■ Complaint is made that the court improperly permitted a series of leading questions to be asked of a state's witness, and also that an answer of a defense witness was stricken on the objection that the question was leading. Whether those rulings be treated separately or as related, we find no abuse of discretion. Territory v. Meredith, 14 N. M. 288, 91 P. 731.

Appellant's brief also complains of the giving of an instruction and that the sentence was cruel and unusual. We do not consider these contentions, deeming them to have been abandoned in the oral argument.

As we find no reversible error, the judgment will be affirmed. It is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

CATRON and PARKER, JJ., did not participate.